IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN ANTHONY ADAMS, #429796　　*
　　　　　Plaintiff,
v.　　　　　　　　　　　　　　　　*　CIVIL ACTION NO. JFM-17-1115

OFFICER STUEHMEIER, #2361　　　*
DET. CALEB GARCIA, #2334
　　　　　Defendants.　　　　　　*
　　　　　　　　　　　　　　　　*****

## MEMORANDUM

On April 21, 2017, the Clerk received a 42 U.S.C. § 1983 complaint from Anthony Brian Anthony Adams ("Adams"), who is housed in the Western Correctional Institution ("WCI") in Cumberland, Maryland. The complaint challenges the "four corners" of a warrant and a criminal complaint issued for Adams in September of 2013 on a count of armed carjacking. He names as defendants Officer Stuehmeier and Detective Garcia of the Montgomery County Division of the Maryland-National Capital Park Police as defendants for issuing an arrest warrant and criminal complaint. ECF No. 1. He seeks $250,000.00 in damages. Because he appears indigent, Adams motion for leave to proceed in forma pauperis shall be granted.

Adams complains that the arrest warrant failed to show facts to support probable cause and was not truthful. He further claims that the criminal complaint in regards to the armed carjacking crime contained "fabricated" information taken from the victims' identification. Finally, he seemingly alleges that the fingerprint expert's analysis of evidence found on the steering wheel of the victim's vehicle was based on "inconclusive" prints and resulted in "hits" on several other people of interest, who were not investigated. ECF No. 1.

1

This Court is required under 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any claim that is frivolous, malicious or fails to state a claim upon which relief may be granted. In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–723 (4th Cir. 1989).

Insofar as Adams may be raising Fourth Amendment and other federal claims colorable under 42 U.S.C. § 1983, they are not yet cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court ruled:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.... But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Id.*

The state court docket shows that Adams was convicted of armed carjacking, armed robbery, and use of a firearm in the commission of a felony or violent crime in the Circuit Court for Montgomery County in 2014, and received a cumulative 20-year sentence. *See State v. Adams*, Case No. 124074C (Circuit Court for Montgomery County (copy attached). The convictions have not been overturned, invalidated or called into question on direct appeal by issuance of a writ of habeas

2

corpus. Any request for monetary damages is premature.

For reasons stated above, this Court will dismiss the Complaint without prejudice. A separate Order follows.

Date: April 24 2017

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 APR 26 AM 11: 54
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY